## CLARK *v.* JOHNSON.

1. REFORMATION OF INSTRUMENTS—EQUITY—JURISDICTION.

   Where a court of equity acquired jurisdiction of the subject matter and the parties, on a bill to reform a land contract, it had power to fully dispose of the matters in controversy, on an amended bill showing that the premises had been contracted to innocent purchasers, by giving plaintiffs a lien thereon subject to the rights of said innocent purchasers.

2. SAME—DELAY—DEFENSES—FRAUD.

   Where a mistake of the scrivener in drawing a land contract in conveying the whole lot instead of the east one-half was discovered by the parties after the contract was delivered, but grantors had no reason to anticipate that the assignees of said contract, who had been informed of the mistake, would fraudulently attempt to convey the whole lot, delay in bringing suit for reformation of the contract could not be urged by them as a defense in said suit.

3. SAME—MUTUAL MISTAKE—PAROL TESTIMONY—VARYING WRITTEN CONTRACT.

   Where a scrivener in drawing a land contract inadvertently included the whole lot instead of the east one-half, parol testimony was admissible to establish such mistake and is not open to the objection that it tends to vary a written contract by parol.

Appeal from Oakland; Rockwell (Kleber P.), J. Submitted April 8, 1921. (Docket No. 66.) Decided June 6, 1921.

Bill by Frank L. Clark and another against Walter F. Johnson and others to correct a mistake in a land contract. From a decree for plaintiffs, defendants Johnson appeal. Affirmed.

*A. L. Moore*, for plaintiffs.

*Frederic T. Harward* and *John J. Gafill*, for appellants.

SHARPE, J.    The plaintiffs, in 1916, purchased a parcel of land in the village of Birmingham, described in their deed as follows:

"The east one-half and the west one-half of a parcel of land situate in the southwest ¼ of the southeast ¼ of the northeast ¼ of section 36 town 2 north, range 10 east, beginning at an iron stake on the south line of Landon street eighty-four (84) feet west from an iron stake at the northern apex of lot sixteen (16) Grove plat, thence westerly on south line of Landon street eighty feet (80) to an iron stake, thence south one hundred four feet and seven inches (104 ft. 7 in.) to an iron stake which is one hundred six feet (106 ft.) north of north line of Lincoln avenue, thence east parallel with Lincoln avenue, eighty (80) feet to an iron stake, thence north to Landon street at the point of beginning."

On October 28, 1916, plaintiff agreed to sell the easterly 40 feet of their premises to Abner T. Klees and his wife for the sum of $3,400, and to build a house for Klees thereon.   They together went to Thomas Cobb, the cashier of the First State Savings Bank of Birmingham, to prepare the contract therefor.   By inadvertence, he included therein the entire premises.   This was not noticed by any of the parties at the time the contract was executed and delivered. The house was constructed according to the agreement on the easterly 40 feet, and the vendees took possession.   On November 3, 1917, Klees and his wife assigned their contract interest to the defendant Walter F. Johnson, the plaintiffs consenting thereto. Two real estate agents, James Campbell and James Valentine, participated in this sale.   Mr. Valentine testified that he accompanied Johnson when he ex-

amined the premises and that he then told him Klees
had only the 40 feet on which the house was located.
Campbell testified he told Johnson that "the property
represented in the sale was the east forty feet of a
certain eighty feet on Landon street." Klees testified
he told Johnson that only 40 feet was included in his
contract from plaintiffs. On December 5, 1917, John-
son and his wife executed a land contract to convey the
entire 80 feet to the defendants Gordon Rogerson and
his wife, who took possession thereof. On August
21, 1918, plaintiffs filed their bill of complaint herein,
setting up the mistake in the description in the con-
tract to Klees, alleging that both the Johnsons and the
Rogersons had knowledge thereof, and praying that
the contract executed by them to Klees and assigned
to the Johnsons and that executed by the Johnsons to
the Rogersons be reformed to include but the easterly
40 feet of said premises. The Johnsons, answering,
denied such knowledge, as did also the defendants
Rogerson.

During the pendency of the hearing before the trial
court, the plaintiffs were permitted to amend their
bill by adding thereto an additional prayer for relief,
praying in substance that, in the event the court found
that the Rogersons were innocent purchasers in good
faith of the entire 80 feet, the value of the west 40
feet should be determined and a decree made giving
plaintiffs a lien therefor on the payments to become
due from the Rogersons to the Johnsons under their
land contract.

The trial court found that but the easterly 40 feet
was intended to be included in the Klees contract, and
that Johnson was so informed when he took the assign-
ment thereof. He further found that the Rogersons
were innocent purchasers in good faith and that their
rights under the Johnson contract to them could not
be interfered with. He permitted proof to be offered

of the value of the westerly 40 feet and found such value, at the time the contract to Klees was made, to be $650. To this he added interest, making in all $713, and decreed that such sum should be paid by Johnson to plaintiffs on the execution of a deed to him of the entire premises. It was further decreed that plaintiffs should have a lien on the entire premises, subordinate, however, to the rights of the Rogersons under their contract, and also on the moneys due from the Rogersons to the Johnsons thereunder, and that such lien might be enforced in the usual way. Both plaintiffs and the Rogersons were awarded costs against the Johnsons. From this decree the Johnsons appeal.

1. It is insisted that plaintiffs have an adequate remedy at law; that, as the Rogersons were *bona fide* purchasers for value, the contract from Johnson to them could not be reformed and plaintiffs' relief, if any, must be by suit at law against Johnson. At the time the bill was filed, plaintiffs believed themselves entitled to a reformation of both their contract to Klees and that from the Johnsons to the Rogersons. When it appeared that the Rogersons were *bona fide* purchasers, the prayer of the bill was amended as above stated. The court, having acquired jurisdiction of the subject-matter and the parties, had the power to fully dispose of the matters in controversy. A question somewhat analogous was presented in *Marussa v. Temerowski*, 204 Mich. 271, where, on a bill filed for specific performance of a land contract, it appearing that performance could not be decreed, owing to the premises having been conveyed by the vendor to an innocent purchaser, the trial court entered a decree for the amount of the damages sustained by the vendee. Such decree was affirmed by this court. In the opinion it is said:

"We do not understand it to be claimed that such a decree was not proper under the findings of the court. Nor is it pointed out, and we do not discover, that it is incorrect in amount. The court, having acquired jurisdiction of the case and the parties, should dispose of the controversy. The decree was a most equitable one. Unless there are insuperable legal objections it should be affirmed."

See, also, 21 C. J. p. 134, and the Michigan cases there cited.

2. It is claimed that the proofs show plaintiffs did not act promptly after discovering the mistake and for that reason are not entitled to relief in equity. The trial court found that Clark, Klees and Johnson knew of the mistake in the description when the assignment from Klees to Johnson was made. For that reason he concluded that plaintiffs should recover the value of the westerly 40 feet at the time the Klees contract was made rather than its increased value at the time the Johnsons sold to the Rogersons. The correction should have been asked for when the mistake was first discovered, but Clark had no reason to assume or even apprehend that Johnson would commit a fraud by selling the entire 80 feet when he knew that in fact Klees was entitled to but 40 feet. In view of the fraudulent conduct of Johnson, we do not think he can be heard to urge the delay of the plaintiffs as a defense.

3. Counsel contend that the proof admitted to show that but 40 feet was intended to be conveyed to Klees violates the rule against varying a written contract by parol. It is elementary that when, because of a mistake in fact, an instrument does not express the agreed intention of the parties, equity will correct such mistake unless the rights of third parties intervene. As applied to the allegations in plaintiffs' bill of complaint, the rule is thus stated in 34 Cyc. p. 910:

"Wherever an instrument is drawn with the intention of carrying into execution an agreement previously made, but which by mistake of the draftsman or scrivener, either as to law or fact, does not fulfil the intention, but violates it, there is ground to correct the mistake by reforming the instrument."

Whether or not such a mistake was made is a subject of inquiry open to parol testimony. *Labranche* v. *Perron*, 209 Mich. 239, and cases therein cited.

A careful reading of the entire record satisfies us that the decree made was equitable and fully justified by the proofs submitted. It is affirmed, with costs to plaintiffs against the defendants Johnson.

STEERE, C. J., and MOORE, WIEST, FELLOWS, STONE, CLARK, and BIRD, JJ., concurred.