MILLER RUBBER CO. *v.* ROSE TIRE CO.

1. PRINCIPAL AND AGENT—PRINCIPAL REFUSING TO FURNISH BLANK
   COULD NOT DEFEAT AGENT'S CLAIM BECAUSE BLANK NOT USED.
   In an action by a tire manufacturer against a dealer for
   a claimed balance due, on the severance of business re-
   lations, plaintiff could not defeat defendant's claim for
   adjustments made with customers solely because they were
   not made out on blanks to be furnished by plaintiff, when
   it had refused to furnish them.

2. SAME—AMOUNT ALLOWABLE TO AGENT ON ADJUSTMENTS A JURY
   QUESTION.
   Where plaintiff's claim that its representative was the
   final arbitrator of the amount to be allowed customers on
   adjustments was disputed by defendant, who claimed to
   be authorized to make such adjustments, the amount
   allowable to defendant thereon, in final settlement be-
   tween them, was a question for the jury.

3. SET-OFF AND COUNTERCLAIM—PROPER BASIS FOR SET-OFF UNDER
   STATUTE.
   Allowances made to customers by a tire dealer, in adjust-
   ments, which in effect was money paid for the benefit of
   the manufacturer, furnish a proper basis for set-off, under
   3 Comp. Laws 1915, § 12468, in an action brought by the
   latter against the dealer for the balance due.

4. NEW TRIAL—WEIGHT OF EVIDENCE—AFFIDAVITS.
   An affidavit by an employee in plaintiff's office that, after
   the trial, he checked up the books in plaintiff's office
   and reached the conclusion that the verdict in defendant's
   favor, in an action for the balance due, was mathematically
   incorrect, could not be considered in determining whether
   said verdict was against the weight of the evidence, in de-
   ciding a motion for a new trial.

5. SAME—NEWLY-DISCOVERED EVIDENCE.
   If said affidavit was offered under the claim that it made
   a case of newly-discovered evidence, it should be con-

---

¹Agency, 2 C. J. § 405; ²Id., 2 C. J. § 730 (Anno); ³Id., 2 C. J.
§ 405; ⁴New Trial, 29 Cyc. p. 977 (Anno); ⁵Id., 29 Cyc. p. 894;
20 R. C. L. 291; 3 R. C. L. Supp. 1051; 5 R. C. L. Supp. 1096;
6 R. C. L. Supp. 1202.

sidered in deciding a motion for a new trial, but in view of the fact that said evidence was all in possession of plaintiff before the trial, it cannot be said that it was newly discovered.

6. APPEAL AND ERROR—QUESTION RAISED FIRST IN SUPREME COURT COMES TOO LATE.
  A question raised for the first time in argument in the Supreme Court is raised too late to be considered.

Error to Kalamazoo; Weimer (George V.), J.   Submitted October 22, 1926.   (Docket No. 129.)   Decided December 8, 1926.

Assumpsit by the Miller Rubber Company against the Rose Tire Company, Incorporated, upon an account stated.   Judgment for defendant.   Plaintiff brings error.   Affirmed.

*Robert L. Campbell,* for appellant.
*Mason & Sharpe,* for appellee.

FELLOWS, J.   Defendant for a number of years handled tires manufactured by plaintiff and had the exclusive sale of them at Kalamazoo.   Their dealings ran well into the thousands each year and seem to have been pleasant, satisfactory and profitable to both parties.   Due to the refusal of plaintiff to continue the discount rate which had obtained for several years, the parties came to the parting of the ways. Defendant then owed plaintiff around $5,000 and had a considerable amount of its make of tires on hand. Plaintiff desired to have other parties exclusively handle its product.   They agreed to dissolve relations, but the terms of the agreement are in dispute.   Plaintiff was to take back the tires defendant had on hand, it is plaintiff's claim, at current prices for fresh stock and obsolete tires at 20 per cent. discount, while defendant claims the fresh stock was to be taken at cost

---

ᵃAppeal and Error, 4 C. J. § 580.

price to it and obsolete tires at 5 per cent. discount. The testimony took this issue to the jury. This is not seriously controverted by plaintiff's counsel.

It is, however, strenuously urged by plaintiff's counsel that the testimony upon the question of adjustments made by defendant with purchasers of tires did not entitle defendant to go to the jury upon that question. Plaintiff warranted its tires to the customer. In a number of instances the customers returned tires to defendant, claiming defective material or workmanship. Defendant's president and general manager testified that the arrangement with plaintiff was that he was to make his own adjustments with customers; that he would not handle its tires unless he could. As tires came in he made adjustments, and when he had a number of such returned tires on hand a representative of plaintiff came and checked them over and they agreed on the amount. They never had any serious trouble on this matter during the years they did business together. Plaintiff, however, claims that its practice was to furnish blanks upon which the customer made claim for adjustment, and that it would make no allowance for defects unless such claims were made on such blanks. But defendant's officers testify that plaintiff refused to furnish the blanks; that they had used up all they had on hand, and used blanks prepared by other tire companies until such blanks were also used up. Manifestly, plaintiff could not defeat defendant's claim for adjustments made by it solely because they were not made out on its blanks, which blanks it had refused to furnish. Nor does the claim of plaintiff that its representative was the final arbitrator of the amount to be allowed on such adjustments stand undisputed on this record. Plaintiff was not entitled to a directed verdict on this branch of the case, nor was it entitled to have its request on this subject, which was highly argumentative, given to the jury.

But it is insisted that the amount which such adjustments cost defendant cannot be allowed as a setoff under section 12468, 3 Comp. Laws 1915.    It is true that set-offs are governed by the statute.    But if defendant's claim is true, and the jury believed it was, defendant's president and general manager was to make adjustments with customers himself and the company was to be reimbursed by plaintiff.    He testifies that all adjustments were fairly and honestly made.    The legal effect of defendant's claim is that it had paid money (or its equivalent) for plaintiff's use and benefit and plaintiff has agreed to repay it. Such a claim furnishes a basis for set-off which is largely designed to prevent a multiplicity of suits.

Plaintiff made a motion for a new trial, alleging, among other reasons, that the verdict was against the weight of the evidence.    The motion was accompanied by an affidavit of an employee of plaintiff to the effect that after the trial he had gone over and checked the books and papers in plaintiff's office and had checked up the tires returned and from such checking and going over he reached the conclusion that the verdict was mathematically incorrect.    The trial judge stated that he could not consider the affidavit, and error is assigned on this ruling.    Quite likely the trial judge had in mind that he could not consider the affidavit based on a subsequent investigation in determining whether the verdict was against the overwhelming weight of the evidence, and if such was his view he was right.    He placed his approval on the verdict and we are persuaded from a careful examination of the record that we should do likewise.    While the affidavit should not be considered on the question of whether the verdict was against the weight of the evidence if it made a case of newly-discovered evidence it should be considered.    But it did not make such a case.    The evidence was all in the possession of plaintiff before the trial, it was not newly discovered.    The

showing made did not require or authorize the granting of a new trial.   *Canfield* v. *City of Jackson,* 112 Mich. 120.

Upon the argument it was urged by plaintiff's counsel that defendant still had the old tires taken in by it in its possession, and defendant's counsel replied to this that plaintiff had not furnished shipping instructions or given credit memos.   No point was made of this on the trial although it was mentioned in the motion for rehearing.   This was too late.   In the final analysis this case involved the trial of disputed questions of fact.   It was fairly tried and fairly submitted to the jury.

The judgment will be affirmed.

BIRD, C. J., and SNOW, STEERE, WIEST, CLARK, and McDONALD, JJ., concurred.   SHARPE, J., did not sit.