DEGOOD v. GILLARD.

1. REFORMATION OF INSTRUMENTS—MUTUAL MISTAKE.
    Contract may not be reformed on ground of mistake not mutual.

2. SAME—CONTRACTS—MISTAKE—FRAUD.
    Contractor specifically accepting city engineer's figures as to number of cubic yards of cut and fill in grading street, and contracting with owner of subdivision to do work on said basis at certain price, is not entitled to reformation of contract and

more pay, although engineer made error in computation, where owner made no representation as to number of yards and is not guilty of fraud, concealment, or misrepresentation.

3. SAME—MISTAKE—FRAUD.

Where there is mistake on one side, and fraud or inequitable conduct on the other, reformation of instrument may be · decreed.

Appeal from Kent; Dunham (Major L.), J. Submitted April 16, 1930. (Docket No. 133, Calendar No. 34,963.) Decided June 2, 1930.

Bill by James DeGood, doing business as the DeGood Transfer Company, against Joseph R. Gillard and others for reformation of a contract for grading streets. From a decree for plaintiff, defendants appeal. Reversed.

*Renihan & Lilly,* for plaintiff.

*Joseph R. Gillard* (*George S. Baldwin,* of counsel), for defendants.

CLARK, J. Plaintiff entered into a contract with defendants to do excavating and filling on certain named streets in Coit Park addition in Grand Rapids. The total number of yards of cut and fill had been computed by, and were on record in the office of, the city engineer.

The contract in part:

"Said party of the first part hereby employs said party of the second part to perform the excavation herein more definitely described for the sum of thirty-five (35c) per cubic yard of dirt actually excavated from the ground and filled in upon the ground of said property. Said party of the second part undertakes to perform said excavation and

filling in a good workman like manner satisfactory to said party of the first part, and according to the grades established by the city engineer and on record in city engineer's office, also said second party agrees to undertake this work at thirty-five cents (35c) per cubic yard and accepts the number of cubic yards of cut and fill as computed by the city engineer of the city of Grand Rapids, Michigan, 13,314.75 cubic yards of cut and 9,602.08 cubic yards of fill.

"It is understood and agreed that the first party shall pay the second party on the basis of cubic yards of cut which amounts to four thousand six hundred sixty and 16–100 dollars ($4,660.16) and said second party hereby agrees to do all the work herein described for the sum of four thousand six hundred sixty and 16–100 dollars ($4,660.16)."

Plaintiff was informed by defendants that they had set aside to the contract the certain amount of money stated and that they would pay no more. Plaintiff did the work and was paid the price. Claiming mistake in the contract, he filed this bill for reformation and payment. He had decree reforming the contract and awarding him an additional $1,231.14. Defendants have appealed.

There is no mutual mistake, and hence there can be no reformation. *Kutsche* v. *Ford,* 222 Mich. 442. A contract will not be reformed on the ground of mistake not mutual. *Meade* v. *Brown,* 218 Mich. 556.

There were errors in the engineer's computation admittedly to the extent of 1,673 yards, and plaintiff contends another error of 1,844 yards, making the total 3,517 yards.

Defendants made no representation of the number of yards. Nor did the parties mutually agree on the number. Plaintiff contracted to and did accept

"the number of cubic yards of cut and fill as computed by the city engineer." The very purpose of this agreement was to avoid such a claim as this.

Plaintiff in accepting such computation, it seems, made a mistake. But it is his mistake, not a mutual mistake. The writing expresses the contract made by defendants. It is precisely as they understood and agreed it should be. It was said in *Diman* v. *Railroad Co.*, 5 R. I. 130, cited in 5 Pomeroy's Equity Jurisprudence (4th Ed.), p. 4728:

"If the court were to reform the writing to make it accord with the intent of one party only to the agreement, who averred and proved that he signed it, as it was written, by mistake, when it exactly expressed the agreement as understood by the other party, the writing, when so altered, would be just as far from expressing the agreement of the parties as it was before; and the court would have been engaged in the singular office, for a court of equity, of doing right to one party, at the expense of a precisely equal wrong to the other."

Defendants are guilty of no fraud, concealment, or misrepresentation to bring this case within an exception to the rule of mutual mistake that where there is mistake on one side and fraud or inequitable conduct on the other reformation may be decreed. *Retan* v. *Clark*, 220 Mich. 493.

No case in equity was made.

Reversed, with costs to defendants, and bill dismissed.

WIEST, C. J., and BUTZEL, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.