LAHEY v. HACKLEY UNION NATIONAL BANK.

1. EQUITY—JURISDICTION RETAINED TO COMPLETELY DISPOSE OF CASE.
   Court of equity which has once assumed jurisdiction of a case will retain it to dispose of entire controversy presented by the pleadings.

2. APPEAL AND ERROR—EQUITY—MORTGAGES—ADEQUATE REMEDY AT LAW.
   In suit by grantor against grantee to require latter to pay former for benefit of second mortgagee the amount of such mortgage assumed by latter, brought after foreclosure proceedings under first mortgage had progressed to sale in an amount just sufficient to satisfy it, claims that bill was prematurely brought and remedy at law was adequate do not merit discussion on ap-appeal where grantee sought reformation of deed after expiration of equity of redemption under first mortgage.

3. REFORMATION OF INSTRUMENTS—MISTAKE—EVIDENCE—BURDEN OF PROOF.
   To reform a written instrument on the ground of mistake, it must be clearly and convincingly shown that the mistake was mutual and common to both parties to the contract, the burden of such proof being upon the one seeking reformation.

4. EQUITY—SPECIFIC PERFORMANCE—REFORMATION OF INSTRUMENTS.
   In suit by grantor of property subject to two mortgages brought, after foreclosure sale was had under first mortgage in an amount just sufficient to satisfy it, to require grantee to indemnify plaintiff under second mortgage, payment of which was assumed by grantee, claim advanced by latter who sought reformation of deed to eliminate assumption clause therefrom, that where contract of exchange, pursuant to which deed was given did not contain such clause that its insertion in deed must, therefore, have been due to mistake and that plaintiff cannot vary contract of exchange by parol evidence held, without merit.

5. DEEDS—CONSIDERATION—PAROL EVIDENCE—ASSUMPTION OF OUTSTANDING MORTGAGE.
   It may be shown by parol evidence that assumption of payment of outstanding mortgage was part of consideration for deed of conveyance which does not contain an assumption clause.

6. REFORMATION OF INSTRUMENTS—DEEDS—ASSUMPTION OF OUT-
   STANDING MORTGAGE.

On cross-bill to reform deed given pursuant to contract of ex-
change, finding of circuit court that grantee assumed and
agreed to pay outstanding second mortgage and that it did not
sustain burden of proving assumption clause was inserted in
deed by mistake, is not disturbed on appeal where grantee
accepted deed and kept it for some time without protest, evi-
dence is somewhat contradictory and circuit court had oppor-
tunity of seeing the witnesses.

Appeal from Muskegon; Pugsley (Earl C.), J.,
presiding. Submitted January 22, 1935. (Docket
No. 57, Calendar No. 38,174.) Decided March 5,
1935.

Bill by William P. Lahey against Hackley Union
National Bank and Bolhuis Lumber & Manufactur-
ing Company, a Michigan corporation, for specific
performance of an agreement to assume an obliga-
tion and for other relief. Decree for plaintiff. De-
fendant Bolhuis Lumber & Manufacturing Company
appeals. Affirmed.

*George H. Cross,* for plaintiff.

*Alexis J. Rogoski,* for defendant Hackley Union
National Bank.

*Lokker & Den Herder,* for defendant Bolhuis
Lumber & Manufacturing Company.

BUTZEL, J. Plaintiff William P. Lahey was the
owner of the Federal Square Building property in
Muskegon, Michigan, subject to a first mortgage of
$8,000. On February 10, 1931, in order to secure
the payment of an indebtedness in the sum of $2,100
to the Hackley Union National Bank, Lahey deeded
the property to the bank, receiving in return a land

contract for the repurchase of the property for $2,100 and interest. All parties recognized the land contract as a mortgage. On October 23, 1931, approximately three months before the above obligation was to become due, Lahey contracted with defendant Bolhuis Lumber & Manufacturing Company to exchange this property for the vendor's interest held by defendant in certain land contracts. Defendant's net equity in these contracts was $17,282.28. The agreement provided that Lahey was to deed his property to the lumber company subject to the following incumbrances: (1) The $8,000 first mortgage, and (2) "A certain warranty deed and land contract constituting a mortgage in favor of the Hackley Union National Bank in the amount of $2,100." A realtor, Jacob Bolema, acting for both parties with their knowledge and consent, brought about the exchange and received a commission from each.

Under date of November 12, 1931, the transaction was consummated and a deed of the Federal Square Building property was delivered by Lahey to the lumber company. This deed, as well as the prior exchange contract, was drafted by Charles R. Cross of Muskegon, retained to act on behalf of both parties. It stated that the property was free from all incumbrances except a lease, a mortgage for $8,000, and "the rights of the Hackley Union National Bank under two certain written instruments executed contemporaneously, viz.: a warranty deed dated February 10, 1931, given by first parties to said bank, and land contract of same date given by said bank to first parties upon which said land contract there is yet owing the principal sum of $2,100 with interest at seven per cent. per annum from November 10, 1931, it being the contention of first parties

herein that said warranty deed and land contract in contemplation of law constitutes a mortgage, and said bank contending otherwise as first parties are informed, it being understood between the parties hereto that the grantee herein assumes and agrees to discharge the obligation of the grantors herein with respect to said warranty deed and land contract; and that they will, and their heirs, executors and administrators shall warrant and defend the same against all lawful claims whatsoever, except the aforesaid leases, mortgage and the rights of the Hackley Union National Bank under the aforesaid deed and land contract.''

The bank treated its deed and contract as a mortgage and accepted interest payments on November 12, 1931, February 11, 1932, and May 24, 1932. While it is not shown who made the payments, the last one was made by the lumber company's check. On December 9, 1932, the owner of the first mortgage on the Federal Square Building property began foreclosure proceedings which culminated in a decree on August 3, 1933, and a sale on October 11, 1933, the property being bid in by the owner of the mortgage for the full amount due thereon. The equity of redemption did not expire until April 11, 1934. Since no surplus was realized from the mortgage sale, and no redemption effected, the security for the bank's claim of $2,100 and interest was wiped out. On September 19, 1933, prior to the sale, the bank began suit against both Lahey and the lumber company to recover on its claim arising from the contract and deed. Lahey denied liability on the ground that it was the duty of the lumber company to pay the claim.

On January 24, 1934, Lahey filed a bill of complaint in equity, and the following month an amended

bill, which set forth the proceedings on the foreclosure and sale under the first mortgage, and the wiping out of the security, but alleged that it would be inequitable and unjust to require Lahey to redeem from the foreclosure sale; that it was the duty of the lumber company, because of its assumption of the bank mortgage, to pay the bank's claim and to indemnify and save plaintiff harmless from all liability under the contract; that there was no privity of contract between the lumber company and the bank, and, therefore, in order to avoid a multiplicity of suits with the annoyance and expense of separate litigation, a decree should be rendered compelling specific performance on the part of the lumber company of its agreement to assume and pay the obligation to the bank. In his prayer for relief plaintiff asked that a judgment and decree be entered against him and in favor of the bank, but that the lumber company be specifically decreed to pay to plaintiff, for the use and benefit of the bank, the amount due from plaintiff to the latter and that plaintiff have such other relief as equity might require.

The lumber company, in its answer and the amendment thereto, denied that plaintiff had the right to bring an equity proceeding. However, in its cross-bill filed May 9, 1934, after the equity of redemption had expired, defendant asked for affirmative relief, the reformation of its deed from plaintiff so as to conform with the original contract of exchange, which did not expressly provide that Lahey's indebtedness to the bank was to be assumed by the lumber company. Defendant claimed that the assumption of the bank's mortgage in the deed was due to a mistake, and asked that the deed be reformed so as to relieve it of all liability therefrom. The trial judge sustained plaintiff's claim and de-

nied the relief prayed by the lumber company in its cross-bill. The lumber company appeals.

The question is raised whether plaintiff's bill of complaint was proper. The lumber company claims that plaintiff could not bring suit against it until he had paid the bank's claim; that it was improper to bring a suit in equity when plaintiff, if he had any redress against the lumber company, could have brought a suit at law after making payment to the bank. We need not discuss the merits of this claim, for when defendant filed its cross-bill, asking for reformation of the deed, the jurisdiction of the equity court to reform was admitted, and equity having once assumed jurisdiction will retain it and dispose of the entire controversy as presented by the pleadings. *Gillen* v. *Wakefield State Bank,* 246 Mich. 158.

The main issue is one of fact, as to whether it was the intention of the parties that plaintiff's indebtedness to the bank should be assumed by the lumber company, or whether the assumption clause was inserted in the deed by mistake. In order to reform a written instrument on the ground of mistake, the mistake must be mutual and common to both parties to the contract. *A. E. Wood & Co.* v. *Standard Drug Store,* 192 Mich. 453; *DeGood* v. *Gillard,* 251 Mich. 85; *Schuler* v. *Bucuss,* 253 Mich. 479. The burden of proof is upon the party seeking reformation, and the proof of mistake must be clear and convincing. *Miles* v. *Shreve,* 179 Mich. 671; *Lyons* v. *Chafey,* 219 Mich. 493. It is claimed that inasmuch as the written contract of exchange did not contain the assumption clause, the insertion of such a clause in the deed must have been due to mistake; and that plaintiff cannot vary the written contract of exchange by parol evidence. This contention is

without merit. It has been repeatedly held that even where the deed itself conveys property subject to a mortgage, but without containing an assumption clause, an agreement on the part of the grantee to assume and pay the mortgage may be shown by parol as a part of the consideration for the deed. *Strohauer* v. *Voltz,* 42 Mich. 444; *Mowry* v. *Mowry,* 137 Mich. 277; *Swarthout* v. *Shields,* 185 Mich. 427. The testimony as to the actual intent of the parties is sharply in conflict. The difficulties arose largely as a result of the parties having been represented by the same agent and the same attorney, both of whom unquestionably acted in good faith. Lahey claims that at the time the contract was entered into it was agreed that the lumber company was to assume the bank's claim, and the deed was subsequently drawn in accordance with this understanding. This is corroborated by other testimony, possibly not of the most convincing nature, and also partially contradicted by further testimony. On the other hand, it is to be noted that the lumber company accepted the deed and retained it for a long period of time without protest. We are impressed by the opinion of the circuit judge, who had the opportunity of seeing the witnesses, and who found that the lumber company did agree to assume the mortgage, and that it did not sustain the burden of proving mutual mistake.

The decree of the lower court is affirmed, with costs to plaintiff.

Potter, C. J., and Nelson Sharpe, North, Fead, Wiest, Bushnell, and Edward M. Sharpe, JJ., concurred.