## KOBYLINSKI v. SZELIGA.

1. Appeal and Error—De Novo Review—Chancery Case—Rehearing.

On appeal from decree entered in chancery case and denial of petition for rehearing, review is had *de novo*.

2. Vendor and Purchaser—Land Contracts—Joint Driveway—Abandonment.

In the absence of a mutual agreement between parties to a land contract to change the terms thereof, the mere .fact that trouble developed between them as to the use of mutual or joint driveway provided for therein would not operate as an abandonment of the contract provision for such driveway.

3. Reformation of Instruments—Mutual Mistake.

Reformation of an instrument may be granted in a proper case for mutual mistake.

4. Same—Burden of Proof—Evidence.

The party seeking to reform an instrument on the ground of mutual mistake has the burden of establishing the mistake and the evidence must be clear and convincing and establish beyond cavil the right to reformation.

5. Same—Mistake of Scrivener.

A court of equity has the right to correct a written conveyance so as to carry out the intention of the grantor, where a mistake has been made by the scrivener.

6. Same—Deeds—Omission of Land Contract Provision as to Joint Driveway.

Reformation of warranty deed to half of property theretofore owned by defendants and executed by them as grantors upon payment in full of land contract, containing a provision for mutual driveway between their two homes, but which deed

Reformation of a contract may be granted because of a mutual mistake, see 1 Restatement, Contracts, § 504.

omitted driveway clause, was properly decreed where omission was through oversight of attorney who prepared the deed and who had been employed for such purpose by both plaintiffs and defendants.

7. EQUITY—INJUNCTION—SUNDAY.

In suit to enjoin defendants' use of portion of plaintiffs' land, the whole of which plaintiff had purchased from defendants on land contract pursuant to which a warranty deed was executed several years later omitting contract provision as to mutual or joint driveway over land now in question, plaintiffs may not take advantage of their claim that one of them executed land contract on Sunday on petition for rehearing on the ground that such was newly-discovered evidence as they knew, or are presumed to have known, of such defense at time of trial.

8. NEW TRIAL—NEWLY-DISCOVERED EVIDENCE.

The law requires of parties care, diligence, and vigilance in securing and presenting evidence at the trial; and a motion for a new trial on the ground of newly-discovered evidence will be overruled unless it is shown that the evidence in question has in fact been newly discovered, that the failure to produce it at the trial was not due to a lack of reasonable diligence, that it is not cumulative merely, and that it is of a character calculated to render a different result probable on a retrial of the cause.

9. SAME—EVIDENCE IN POSSESSION OF PARTY BEFORE TRIAL.

Evidence all in the possession of a party before the trial may not be considered as newly discovered on such party's motion for new trial.

10. SAME—REHEARING—DISCRETION OF COURT.

The granting of a party's petition for rehearing in a chancery case is within the discretion of the trial court.

11. EQUITY—INJUNCTION—REFORMATION OF INSTRUMENTS—REHEARING—DISCRETION OF COURT.

In suit to enjoin use of strip of land at side of plaintiffs' city lot which they had purchased on land contract from defendants wherein defendants sought reformation of deed they had executed so as to include provision of land contract as to mutual or joint driveway, it was not an abuse of discretion on the part of the trial court to deny motions for a rehearing on the ground of allegedly newly-discovered evidence and for leave to file an amended bill of complaint under showing made.

Appeal from Wayne; Murphy (Thomas J.), J. Submitted October 12, 1943. (Docket No. 14, Calendar No. 42,365.) Decided November 29, 1943.

Bill by Roman Kobylinski and wife against Paul Szeliga and wife for injunction against driving over plaintiffs' property. Cross bill by defendants against plaintiffs to reform a land contract and to establish a driveway. Decree for defendants. Plaintiffs appeal. Affirmed.

*Harry J. Lippman* (*Leslie D. Bloom,* of counsel), for plaintiffs.

*Nicholas S. Gronkowski,* for defendants.

STARR, J. This case involves a dispute over a private driveway between the adjoining residence properties of plaintiffs and defendants in the city of Detroit.

On May 9, 1936, defendants owned certain property having a frontage of 64 feet on Harold street and described as the south 120 feet of lot 218, Shipman's subdivision. On that date defendants sold the west 32 feet of said property, together with house thereon, to plaintiffs on a land contract, which contained the following driveway provision:

"It is understood between both parties that there is to be a mutual side drive between the homes located at 5175 and 5165 Harold street, Detroit, Michigan. These homes are located on lot number 218, Shipman's subdivision."

Thereafter plaintiffs resided on the property which they had purchased, and defendants resided on their adjoining property, their houses being about 12 feet apart. On May 17, 1940, plaintiffs paid the

balance then remaining due on the contract and were entitled to a warranty deed. The parties employed an attorney who prepared a deed, which was executed by defendants, delivered to plaintiffs, and duly recorded. However, such deed did not contain any provision for a mutual driveway.

Trouble developed over defendants' use of such driveway, and in May, 1941, plaintiffs filed bill of complaint to enjoin defendants from using any part of plaintiffs' property for driveway purposes. Defendants filed answer and also cross bill in which they alleged, in substance, that under the driveway provision in their land contract of May 9, 1936, they had the right to use said driveway in common with plaintiffs; that in April, 1941, they discovered that the attorney who prepared their deed of May 17, 1940, to plaintiffs, "through error, mistake or carelessness," had failed to provide in such deed for the mutual driveway, but that they were informed by said attorney that the recording of their land contract protected their right to such driveway. Defendants asked that their deed to plaintiffs be reformed to include the land contract provision relative to a mutual driveway and to provide for the use of such driveway by plaintiffs and defendants in common.

The case was tried and a decree entered determining that the driveway provision was omitted from the deed through the "inadvertence, omission or mistake" of the attorney who prepared it; and that the deed should be reformed to provide for a mutual driveway over the property of plaintiffs and defendants, the same to be used only for driveway purposes.

Twenty days after the decree was entered, plaintiffs filed a petition for rehearing and for leave to file an amended bill of complaint. In their petition

plaintiffs alleged, in substance, that they "are now in position to produce newly-discovered evidence" that the land contract in question was not executed by plaintiff Roman Kobylinski on May 9, 1936, as stated therein, but was in fact executed by him on Sunday, May 10, 1936; that because of such Sunday execution the driveway provision of the contract was void (2 Comp. Laws 1929, § 9078 [Stat. Ann. § 18.851]) and could not be enforced by a decree in the present suit. In their petition plaintiffs further alleged that the defense of such Sunday execution was not raised in their pleadings or upon the trial because of "ignorance of the legal importance of the execution." Defendants answered such petition, alleging that they acted in good faith; that they had no knowledge that plaintiff Roman Kobylinski executed the land contract on Sunday; that he should not be permitted to take advantage of his own wrongdoing; and that the fact of such alleged Sunday execution was known to plaintiffs at the time of trial and did not constitute newly-discovered evidence. It was admitted that plaintiff Kazmiera Kobylinski executed the land contract on Saturday, May 9, 1940, as therein stated.

The court denied plaintiffs' petition for a rehearing and for leave to file amended bill of complaint, on the ground that plaintiffs had knowledge of such alleged Sunday execution at the time of trial and for several years prior thereto and that such fact did not constitute newly-discovered evidence; also that, having failed to raise the question of such Sunday execution during the trial, plaintiffs could not later raise it on petition for rehearing. Plaintiffs appeal both from the decree granting reformation of the deed in question and from the trial court's order denying their petition. This being a chancery case, we review the same *de novo*.

Having brought this suit in equity, plaintiffs cannot, for reasons hereinafter stated, take advantage of their claim that one of them executed the land contract on Sunday. In such contract the parties expressly agreed that there should be a mutual driveway between their respective houses. Defendants had used such driveway, which was not improved or paved, for several years prior to their sale of the property to plaintiffs. Plaintiffs purchased with knowledge of the existence of such driveway, which was located in part upon their land and in part upon defendants' land. Defendants continued to use such driveway for fuel deliveries and for access to their garage located at the rear of their property, and plaintiffs used it in a limited way for deliveries of fuel and building materials.

There was some argument and trouble between the parties over the use of such driveway, but the record does not indicate that they ever mutually agreed to change or abandon the driveway provision of their land contract. It may reasonably be inferred that defendants' reservation of such mutual driveway was one of the considerations for the sale of a part of their property to plaintiffs. In May, 1940, when plaintiffs paid the balance due on their land contract and were entitled to a warranty deed, the parties mutually employed an attorney, who had previously represented plaintiffs, to prepare such deed. The attorney had the land contract in his possession at that time, and his testimony is particularly important. He said in part:

"I also examined the abstract for the grantee (plaintiffs) in this deed. * * * Exhibit 1 is the land contract between these parties in pursuance of which I prepared the deed in question. I did not insert the provision in the deed which was in the

land contract pertaining to the mutual driveway between the houses. I would say it was an oversight. * * * I did not make that oversight intentionally, it was unintentional on my part. * * *

"When I closed this transaction I used the abstract to draw up the deed, not the land contract. * * * The contract was in my possession, it was before me at the time I prepared it (the deed), but I cannot explain why I did not insert it. * * * Both plaintiffs and defendants were sitting at my desk."

It appears that defendants had recorded the land contract about two weeks prior to the time they executed the deed in question, but apparently such recording had not been entered on the abstract of title from which the attorney prepared the deed.

In the absence of mutual agreement to change the terms of the land contract, the trouble between the parties over the use of the driveway would not effect such change or operate as an abandonment of the contract provision for a mutual driveway. We find no evidence from which it can be held that defendants relinquished their reservation of driveway rights over the land sold to plaintiff.

The rule as to reformation of a written instrument was stated by Mr. Justice BUTZEL in *Sobel* v. *Steelcraft Piston Ring Sales, Inc.,* 294 Mich. 211, 217, as follows:

"Reformation may be granted in a proper case for mutual mistake. *DeGood* v. *Gillard,* 251 Mich. 85. The burden of establishing the mistake is on the party seeking to reform. *Lahey* v. *Hackley Union National Bank,* 270 Mich. 438. The evidence must be clear and convincing and must establish beyond cavil the right to reformation. *Schuler* v. *Bucuss,* 253 Mich. 479; *Donaldson* v. *Hull,* 258 Mich. 388."

See, also, *Emery* v. *Clark,* 303 Mich. 461, and cases therein cited.

In the case of *Newland* v. *First Baptist Church Society of Bellevue,* 137 Mich. 335, we said:

"The right of a court of equity to correct a written conveyance so as to carry out the intention of the grantor, where a mistake has been made by the scrivener, is well established."

In *Clark* v. *Johnson,* 214 Mich. 577, we said:

"It is elementary that when, because of a mistake in fact, an instrument does not express the agreed intention of the parties, equity will correct such mistake unless the rights of third parties intervene. * * * The rule is thus stated in 34 Cyc. p. 910:

" 'Wherever an instrument is drawn with the intention of carrying into execution an agreement previously made, but which 'by mistake of the draftsman or scrivener, either as to law or fact, does not fulfil the intention, but violates it, there is ground to correct the mistake by reforming the instrument.' "

See, also, *Scott* v. *Grow,* 301 Mich. 226 (141 A. L. R. 819).

The testimony shown by the record is clear and convincing that the driveway provision was omitted from the deed in question through the oversight and mistake of the attorney who prepared it. His mistake was, in effect, the mutual mistake of both plaintiffs and defendants, who had employed him. The trial court properly granted reformation of the deed.

Plaintiffs contend that the trial court erred in denying their petition for a rehearing and for leave to file an amended bill of complaint. Decision on plaintiffs' right to a rehearing does not require determination of the question as to the validity of the land contract. Such contract had been fully performed in all particulars except as to the failure, through mutual mistake, to insert the driveway provision in defendants' deed to plaintiffs. The fact

that the land contract was executed by one of the plaintiffs on Sunday was known to them for more than six years prior to the trial of the case, but they failed to raise the legal defense of such Sunday execution in their pleadings or during the trial. They knew or are presumed to have known of such legal defense at the time of the trial. The facts regarding such Sunday execution could not be considered as newly-discovered evidence entitling plaintiffs to a rehearing.

In the case of *Canfield* v. *City of Jackson*, 112 Mich. 120, we said:

"The defense sought to be interposed was a legal defense. The city and its counsel must be presumed to know the law. No one knew better than they whether the claim of plaintiff had been presented to the common council or not. Whatever the facts were, they knew them at the time of the trial. The attention of the court was not called to this defense during the trial of the case. It is too late now to seek to interpose it. * * *

" 'A motion for a new trial, upon the ground of newly-discovered evidence, is not regarded with favor. The policy of the law is to require of parties care, diligence, and vigilance in securing and presenting evidence.' * * * To entitle one to a new trial upon this ground it should be shown: *First,* that the evidence, and not merely its materiality, be newly discovered; *second,* that the evidence be not cumulative merely; *third,* that it be such as to render a different result probable on a retrial of the cause; *fourth,* that the party could not with reasonable diligence have discovered and produced it at the trial.''

In *Miller Rubber Co.* v. *Rose Tire Co.*, 237 Mich. 152, we said:

• "The evidence was all in the possession of plaintiff before the trial, it was not newly discovered. The showing made did not require or authorize the granting of a new trial."

See, also, *Roy* v. *Kirn*, 208 Mich. 571; *Branch* v. *Klatt*, 173 Mich. 31; *Storch* v. *Rose*, 152 Mich. 521.

The granting of plaintiffs' petition for a rehearing was within the discretion of the trial court. *Rubenstein* v. *Purcell*, 276 Mich. 433; *Zeilman* v. *Fry*, 213 Mich. 504. We are convinced that the court did not abuse its discretion in denying plaintiffs' petition for a rehearing and for leave to file an amended bill of complaint.

The decree of the trial court granting reformation of defendants' deed to plaintiffs and its order denying plaintiffs' petition are affirmed. Defendants shall recover costs.

BOYLES, C. J., and CHANDLER, NORTH, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.