SUSAN A. BUSH v. DAVID P. MERRIMAN AND EMILY M. MERRIMAN.

*Equity—Reformation of deed—Action upon covenants—Res judicata.*

1. A grantor was induced to execute a warranty deed of an entire lot of land, a portion of which she had previously conveyed to a third party, of which fact the grantee was fully advised, by the statement of the scrivener, made in the presence of the grantee, that including the entire lot in the deed would make no difference, as the matter was fully understood by both parties, and that the covenants of warranty would only apply to the portion of the lot owned by the grantor. The grantee attempted to take possession of the entire lot, but, finding that the prior deed was on record at the time of the execution of the second deed, sued the grantor upon the covenants of warranty, in which suit the whole matter was litigated, and submitted to the jury, who were instructed that they must find a verdict for the plaintiff in any event, and, if satisfied that the defendant's contention as to the circumstances under which the deed was executed was sustained by the testimony, they must assess the plaintiff's damages at the sum of one dollar (being the sum tendered by the defendant, and paid into court, as payment in full for all damages sustained by the plaintiff by reason of the alleged breach of covenant), but, if they found against the defendant in that behalf, they should assess plaintiff's damages in proportion as the value of the part of the lot primarily sold bore to the value of the entire lot, being the purchase price agreed to be paid by the plaintiff. The jury found a verdict for $95 in favor of the plaintiff, upon which judgment was entered, with costs, from which the defendant did not appeal, but filed a bill setting up the same state of facts attempted to be proved in the suit at law, and praying for the reformation of the deed, and that the collection of the judgment be enjoined. The defendant interposed a plea setting up the proceedings and judgment in the suit at law, which were claimed to be *res judicata* of the issues tendered by the bill of complaint; which plea was held sufficient to bar the relief prayed for, and, the complainant declining to take issue upon the plea, the bill was dismissed. And in reversing said decree the Court hold:

*a*—That the claim set up in the plea that complainant's case had been tried before a court of law, and found adversely to the complainant, does not meet the case made by the bill.

*b*—That, if complainant's contention is correct as stated in the bill, the plaintiff was not entitled to any judgment whatever in the action at law, and the complainant should not have been subjected to the costs following such judgment; that, if the deed had expressed what complainant claims was the true intent and agreement of the parties, plaintiff would not have obtained a judgment even for nominal damages; and therefore complainant is entitled to maintain her bill, and, if her claim is substantiated on the hearing, she will be entitled to the relief prayed for.

2. The following general propositions are summarized from the opinion of Chief Justice CHAMPLIN:

*a*—In this State the distinction between law and equity, as applied to remedies, has been maintained. The courts of law have no jurisdiction to reform written instruments, it being vested exclusively in the equity courts.

*b*—It has long been settled that if, by reason of fraud, mistake, accident, or surprise, an instrument does not express the true intent and meaning of the parties, equity will upon satisfactory evidence reform it; citing *Gillespie v. Moon*, 2 Johns. Ch. 585.

*c*—The rules of evidence at law and in equity are the same, but when the question is not *what* the terms of the written contract are, but whether the contract as written was entered into or whether it was obtained by fraud, or is founded in surprise, accident, or mistake, these subjects of inquiry are open to parol testimony, irrespective of what the writing contains.

Appeal from Kent. (Grove, J.) Argued June 5, 1891. Decided July 18, 1891.

Bill to reform a deed, and enjoin the collection of a judgment recovered in an action for breach of its covenants of title. Complainant appeals. Decree dismissing bill reversed, and case remanded with leave to defendants to answer. The facts are stated in the opinion.

*John M. Mathewson,* for complainant.

*M. H. Walker,* for defendants, contended:

1. The point to be determined in this case is not, as stated in appellant's brief, "whether a suit for damages on the breach of covenants contained in a deed will bar a suit in equity to reform the deed," but where a suit at law is brought for damages on the breach of covenants contained in a deed, in which suit the defendant (grantor in said deed) claims that a mistake was made in the drafting of the deed, and that said deed was not intended to convey, nor said covenants to apply to, the whole of the property described therein, but only to a part thereof, and that the balance of said property was included by mistake, and that said deed did not represent the real bargain and true intent of the parties, and insists upon the right, and is permitted to and does go fully into the trial of that question and issue, and the same is submitted to the jury as the sole and controlling question in the case, and is determined adversely to the defendant (grantor), whether such suit, verdict, and judgment thereon, and the determination of such issue, is a bar to a subsequent suit in equity by the grantor, based upon the same facts and claim of mistake, praying for a reformation of the deed, and the enjoining of the collection of such judgment.

2. A judgment at law is conclusive upon the same question in equity; citing Freem. Judg. § 248; Herman, Est. §§ 399, 402; *Pearce v. Gray,* 2 Younge & C. 322; *Smith v. McIver,* 9 Wheat. 532.

3. Where an equitable defense is presented which might have been made the subject of an original bill, the defendant cannot, after a verdict in favor of plaintiff, present the same matters in equity as grounds for affirmative relief against plaintiff; citing Freem. Judg. § 281; Herm. Est. § 399; *Terrell v. Higgs,* 1 DeG. & J. 388; *Arnold v. Allinor,* 15 Grant, Ch. 375; *Smith v. McIver,* 9 Wheat. 532; and the discovery of new evidence, not in the power of the party to produce at the former trial, forms no exception to the rule in relation to estoppels, whether the second action is at law or in equity; citing Freem. Judg. § 249; Herm. Est. § 399; *Kilheffer v. Herr,* 17 Serg. & R. 319.

4. If a party at law has an equitable defense, and chooses to make it at law, he is considered as electing to defend at law, and is bound to present every defense he can; citing Frem. Judg. § 501; *Hendrick v. Hinckley,* 17 How. 443; *Crim v. Handley,* 94 U. S. 652; and where a party elects to sue upon a written contract as executed, and the action proceeds to trial and judgment after final submission, he is bound by his election, and cannot thereafter bring an action to reform the contract; citing *Thomas v. Joslin,* 36 Minn. 1; nor can a complainant

recover money by a bill in equity which he failed to recover in an action at law, where jurisdiction of the claim exists both at law and in equity; citing *Lane v. Lane,* 80 Me. 570.

5. As to when a judgment is conclusive, counsel cited Freem. Judg. §§ 252-254, 259; *Bigelow v. Winsor,* 1 Gray, 299; *Spencer v. Dearth,* 43 Vt. 93; *Betts v. Starr,* 5 Conn. 550; *Doty v. Brown,* 4 N. Y. 71; *Walker v. Chase,* 53 Me. 258.

6. The successful prosecution of an action for a breach of warranty of a contract necessarily affirms for all future actions the making of the contract; citing *Barker v. Cleveland,* 19 Mich. 230; Freem. Judg. § 312.

7. Generally courts of equity will not assume jurisdiction to retry cases which have already been disposed of in courts of law upon the very point made by the bill; citing *Miller v. Morse,* 23 Mich. 365; *Spoon v. Baxter,* 31 Id. 279; *Wilson v. Coolidge,* 42 Id. 112; *Gray v. Barton,* 62 Id. 186.

CHAMPLIN, C. J. The bill of complaint is filed in this case to reform a certain deed of real estate described as "the entire of lot two, block two, Snell's addition to the village of Lowell, as of record," so that the same shall read, "all of village lot number two of block two, according to Caroline Snell's recorded addition to the village of Lowell, excepting that portion heretofore sold by the first party hereto unto one Ann Loughlin by deed bearing date the tenth day of August, 1877;" and also to restrain the defendants from prosecuting a suit, or any suit, against the complainant for breach of covenant of warranty of seisin on account of that portion of lot two conveyed to Ann Loughlin prior to the deed from said Susan A. Bush to them.

The bill of complaint sets up that prior to the 10th day of August, 1877, complainant was the owner of lot 2, block 2, above mentioned, and on that day sold a portion thereof, and conveyed the same, to one Ann Loughlin; that on the 20th day of February, 1888, she sold said lot 2, block 2, except the portion previously sold to Ann Loughlin, to the defendant David P. Merri-

man; that previous to her sale to him he was shown that portion of the lot which had been previously conveyed, and which premises were surrounded by a fence, and that he was informed where the lines of the real estate were which was intended to be sold to him, and that the other portion of lot 2 had previously been sold to Ann Loughlin; that the price agreed upon for that portion of which the title remained in the complainant was $300; that after agreeing upon the price Merriman and complainant met at the office of Sylvester P. Hicks in the village of Lowell, for the purpose of consummating such bargain, and making a deed of that portion of said lot 2 that complainant then owned, and that she had bargained to sell, and to make delivery of the deed of the same; that Hicks had prepared a deed before complainant went there, joining the complainant and her husband as grantors, and he commenced to read the deed which he had drawn; that, when he came to that portion, the complainant objected to her husband being named as one of the grantors, as he did not own any interest in the land, whereupon Hicks drafted a new deed, and by the request of Merriman the deed was made jointly to David P. Merriman and Emily M. Merriman as grantees; that after the deed had been drafted it was read to the complainant in the presence of David P. Merriman, whereupon the complainant then and there objected to executing such deed on account of the description of the property, to wit, "the entire of lot two, block two, Snell's addition to the village of Lowell, as of record;" that she then stated to said Hicks and David P. Merriman that she did not own all of said lot 2; that she had not bargained all of it; that she had previously sold a portion of said lot to Ann Loughlin, and that Merriman understood it; that Mr. Hicks then stated that the abstract did not show she had sold any of it; that com-

plainant then informed them that the abstract was wrong; that she had sold a portion to Ann Loughlin, and she had bargained .to Merriman what was left; whereupon Mr. Hicks, in the presence of said Merriman, stated that it would make no difference, as both parties understood the matter fully; that the Merrimans could only hold what was left; that with that understanding, that the Merrimans could only hold her responsible for such part. of lot 2 as she then owned, she consented to and did sign and deliver to said David P. Merriman a warranty deed, a copy of which is appended to the bill, and which the defendants afterwards, on the 23d day of February, 1888, caused to be recorded in the office of the register of deeds of Kent county, in Liber 185 of deeds at page 20.

Complainant further alleges that, shortly after the delivery of the deed, the defendants took actual possession of the premises, and have ever since been in possession thereof, and occupied the same as a home; and that, prior to the execution and delivery of the deed, the actual location and extent of the premises intended to be conveyed were ascertained by view and inspection thereof, and were understood correctly and alike by the parties to said deed to be all of lot 2 of block 2 in the village of Lowell, Kent county, State of Michigan, according to Caroline Snell's addition to said village, except that portion of said lot 2 that had been deeded to Ann Loughlin, and which portion was then fenced in as aforesaid with her other land, and was then, and is now, and has ever since been, in her possession. She then charges that by mistake of said parties the description in said deed is so drawn that it includes not only the premises intended to be conveyed to the defendants by the complainant, but also the piece of land sold and conveyed to Ann Loughlin as aforesaid; that the defend-

ants well knew that complainant only intended to convey that part of lot 2 which she then owned, and not that part inclosed by Ann Loughlin's fence; and she believed that said description actually written in said deed only conveyed the entire of what she then owned of said land, and no more. She further charges that soon after the execution of the deed the defendants moved into the house on the lot, commenced keeping house, and soon after that obtained a surveyor, and claimed to have established the boundary lines of said lot 2, and then for the first time they set up and claimed to own the whole of said lot 2, and they commenced to tear down the line fence between the land conveyed to Ann Loughlin and the land sold to defendants; whereupon Ann Loughlin forbade them from tearing down the fence, and showed them her deed, which deed had then been on record six years or thereabouts; whereupon the defendants then set up for the first time to the complainant the claim that she had sold and deeded to them the whole of lot 2; that up to this time the complainant supposed and believed the description to be correct, and a true description of the premises owned by her, and intended to be conveyed by her to said defendants.

Complainant further charges that the claim set up on the part of the defendants, after having obtained possession of the premises, is untrue, wicked, and fraudulent, and by means whereof they are trying to obtain an undue advantage of her by obtaining from her pay for that which they never purchased and paid for; that they now have and enjoy all that they purchased, and all that they paid for, and are seeking to take an undue advantage of the language used in the deed to extort a large sum of money from her; that on or about the 1st day of June, 1888, they commenced a suit against her before a justice of the peace, based upon the covenants in her deed; that

she put in a plea of the general issue, with a notice setting up substantially that Merriman examined the property and was shown the lines before he purchased, and was informed that a part of lot 2 had been sold to Ann Loughlin, and then belonged to her, and was in her possession, and that she (Susan A. Bush) was not the owner of the whole of said lot, but was the owner still of the part that remained unsold, and that she so informed Hicks, and that it was a mistake and fraud in Hicks to insert the entire of lot 2; that she never authorized any person to make a deed of the whole lot, and never bargained or sold the whole of lot 2 to the defendants; and that it was understood the word "entire," used in that deed, did not mean all of lot 2, but all that remained unsold, and that plaintiffs accepted the delivery of the deed with that understanding; that the deed to Ann Loughlin was on record before the purchase by Merriman, and that it was an imposition and fraud for the Merrimans to set up a claim that she owed them anything on the sale of said land; that they had all the land they purchased or contemplated getting by the deed; and that they accepted it with the full knowledge that Mrs. Loughlin owned the strip hereinbefore described. She also set up that the title of the land would come in question, and the cause was certified to the circuit court for the county of Kent, and was there tried before a jury, and the plaintiffs recovered a judgment for damages, on account of a breach of covenant, for more than $100, besides costs taxed at $57; and afterwards, upon her motion, a new trial was granted, and was had, when the plaintiffs again recovered a judgment for $95, and costs taxed at $110.40. She further avers that they threaten to enfore the collection of the same by execution and sale of her property.

The defendants, David P. Merriman and Emily M. Merriman, interposed a plea to the bill of complaint in

which they set up with sufficient particularity the proceedings before the justice and in the circuit court, and the charge of the circuit judge to the jury; and by it defendants aver that the same issues set up in the complainant's bill of complaint were tried and determined in the suit at law, and that it is *res judicata*.

The plea interposed by the defendants was brought on for argument, and was held by the court to be sufficient to bar the complainant of any relief in this suit; and, the complainant declining to take issue upon the plea, the court entered a decree dismissing complainant's bill of complaint; and the question presented to us is whether or not the trial of the suit at law is a bar to a proceeding in a court of equity, by the complainant to reform the deed.

In this State the distinction between law and equity, as applied to remedies, has been kept up. The courts of law have no jurisdiction to reform written agreements. This jurisdiction is exclusively vested in courts of equity, and it has long been settled that if, by reason of fraud, mistake, accident, or surprise, an instrument does not express the true intent and meaning of the parties, equity will upon satisfactory evidence reform it. It was said by Chancellor Kent in *Gillespie v. Moon*, 2 Johns. Ch. 585, that—

"The written instrument, in contemplation of law, contains the true agreement of the parties, and the writing furnishes better evidence of the sense of the parties than any that can be supplied by parol; but equity has a broader jurisdiction, and will open the written contract to let in an equity arising from facts perfectly distinct from the sense and construction of the instrument itself."

The rules of evidence at law and equity are the same, but when the question is not what the terms of the written contract are, but whether the contract as written

was entered into or whether it was obtained by fraud, or is founded in surprise, accident, or mistake, these subjects of inquiry are open to parol testimony, irrespective of what the writing contains. The case of *Bradford v. Bank*, 13 How. 57, is an authority for holding that where there was no agreement to sell on one side, nor to buy on the other, and the contract was only to sell, but the mistake, which was of a given fact, namely, as to want of title to one parcel of land agreed to be conveyed, had given effect to the instrument far beyond the agreement and real understanding of the parties, parol evidence was admissible to show what the real contract of the parties was; and that such a case falls within the principles of equity in granting relief against contracts entered into by mistake and misapprehension of the facts, and where the enforcement of it would enable one of the party to obtain a most unconscionable advantage over the other.

It appears from the bill that the mistake did not consist in including the description of the whole lot in the deed, for that fact was known and understood when complainant executed it; but it consists in what the scrivener told her as to its legal effect, and her liability or responsibility thereunder. If the draughtsman was honest in his statements, and there was no collusion or fraudulent design in so procuring the deed to be executed with such description on the part of the grantees, then he made a mistake of law in so advising Mrs. Bush; but Mrs. Bush relied upon the fact, as it was stated to her, that she would incur no liability in executing the deed as presented, and was induced by that fact to execute it. In either view, it was such a mistake as equity would relieve against. If the advice given by the draughtsman was intended to mislead Mrs. Bush, then it is clear that the execution of the instrument was induced

by the false and mistaken statement of its legal effect or operation, and the grantees should not be allowed to take advantage of the error which they have contributed to produce. It is accordingly established that chancery may afford relief under these circumstances, whether the misstatement was innocent or prompted by a wish to deceive, and although the complainant was acquainted with the contents of the instrument. 2 White & T. Lead. Cas. (4th Amer. ed.) pt. 1, p. 988.

The bill in this case, however, shows a stronger ground for relief. It is stated that soon after the deed was executed the defendants procured a surveyor to run the lines of their lot, claiming the whole of lot 2; that they attempted to tear down the line fence which separated the land intended to be conveyed to them from that of Mrs. Loughlin; and upon her exhibiting to them her deed, with the certificate of the register showing that it had been recorded a long time before they purchased, they desisted, and immediately commenced suit against their grantor upon the covenant of seisin contained in the deed. These facts, taken in connection with what occurred upon the execution of the deed in Mr. Hicks' office, wherein he told complainant that, if she had conveyed the premises to Mrs. Loughlin, it did not appear upon the abstract, lead us most strongly to the inference that Merriman was attempting in that transaction to obtain undue and unconscionable advantage, and to lay claim to the whole of the lot as an innocent purchaser, basing it upon the idea that Mrs. Loughlin's deed was not on record. But equity will interfere to protect the rights of parties to control the legal effect and operation of covenants obtained as this one was, when they are sought to be enforced by the party who has obtained them under the representation that they would be of no binding force or effect. And such action upon the part

of Merriman was a fraud upon the complainant, and, if she is enabled to substantiate the facts alleged in her bill by sufficient evidence, the court will not hesitate to reform the deed, and make it to correspond with the actual agreement and intent of the parties. *Taylor v. Gilman*, 25 Vt. 413.

The claim set up in the plea that this case has been tried before a court of law, and found adversely to the complainant, does not meet the case made by the bill. The court in that case at law charged the jury that they must find a verdict for the plaintiffs in the suit at all events, and, if they were satisfied that the defendant's testimony with reference to the transaction was correct, then they must assess damages at the merely nominal sum of one dollar, but, if otherwise, they should assess the damages in proportion as the value of the part which had been previously sold to Mrs. Loughlin bore to the whole lot, valued at $300, the purchase price agreed to be paid by Merriman.[1] Now, if the complainant's contention is the correct one, as stated in her bill of complaint, the plaintiffs in the action at law were not entitled to any judgment whatever, either nominal or otherwise, and she should not have been subjected to the costs following upon such judgment. If the deed had expressed what she claims was the true intent of the parties and the agreement between them, it would have been impossible for the plaintiffs in the suit at law to obtain a judgment against her even for a nominal damage. Therefore we think that she is entitled to present her bill in a court of equity, and ask to have the deed reformed.

We think that the plea tendered was insufficient, and

[1] The defendant had tendered the sum of one dollar, and kept the tender good by paying the money into court, as payment in full of all the damages plaintiffs had sustained by reason of the alleged breach of covenant, which facts the jury were instructed were undisputed in the case.

that the decree must be reversed, and the cause remanded to the court below, with leave to defendants to answer within 20 days from the time of notice of the filing of the transcript in that court. The complainant may recover the costs of this Court; the costs of the court below to abide the event.

The other Justices concurred.