SMITH *v.* WAKEMAN.

DEEDS—RESERVATION—EQUITABLE TITLE—INJUNCTION.

> One of two tenants in common, to whom the other has conveyed his one-half interest with the common intention and understanding that a reservation clause in the deed should invest the grantor with title to all of the timber on the land conveyed, will be restrained from asserting a claim to an interest in the timber as against a purchaser from the grantor, who has removed the same from the land, notwithstanding the legal effect of the deed was to reserve to the grantor only his one-half interest in the timber.

Appeal from Kent; Grove, J.   Submitted October 6, 1897.   Decided October 25, 1897.

Bill by Hiram Smith against Eliza C. Wakeman to reform a deed.   From a decree dismissing the bill, complainant appeals.   Reversed.

*Charles L. Rarden*, for complainant.

*W. S. Whittlesey* (*C. C. Ellsworth*, of counsel), for defendant.

HOOKER, J.   Complainant and his wife's mother were owners, as tenants in common, of an estate in fee simple in certain premises; and, dissension having arisen, he sold and conveyed to her for $1,200 his undivided half of the property, the deed containing the following provision, viz.:   "Reserving all the timber and crops now on the said described land."   The complainant claims that the bargain was that he should have all the crops and timber then upon said land, and he removed the crops without objection, and sold the timber standing, and it was afterwards removed by the purchaser.   Before its removal the defendant asserted title to one-half of the timber, claiming that the reservation in the deed covered only complainant's

undivided half; and after its removal she began an action against the purchaser for the value of her one-half. Thereupon this bill was filed "to reform the deed so that the same shall become and be a conveyance to complainant of defendant's undivided one-half interest in the timber situated upon the land above described, and shall be declared to be a license to your orator to remove the said timber, and the whole thereof, without limitation, or that the title and ownership in said timber, and the whole thereof, may be declared to be in complainant," and praying further relief.

We are convinced that the deed was executed and delivered upon the understanding by both parties that all of the timber upon the place was to become the property of the complainant, although it is conceded that the effect of the deed was to reserve but one-half. Upon the facts alleged, the complainant would be entitled to specific performance were the timber standing, and to a conveyance of the same. It having been removed, it is sufficient to declare that the equitable title to said timber is in the complainant and his vendee, and restrain the defendant from asserting further claim thereto.

The decree of the circuit court is reversed, and a decree conforming to the views expressed above may be entered, with costs of both courts.

The other Justices concurred.