WELLS v. NIAGARA LAND & TIMBER CO.

1. EVIDENCE—MISTAKE—WHETHER CONTRACT RESULT OF MISTAKE OPEN TO INQUIRY BY PAROL.

Whether a contract as written was the one entered into, or whether it is the result of a mistake is a subject of inquiry open to parol testimony irrespective of what the writing contains.

2. SAME — PAROL TESTIMONY ADMISSIBLE TO SHOW MISTAKE IN COMPUTATION.

In an action for a balance due on a written contract for the sale of land, parol evidence was admissible to show that 80 acres was by mistake included in the computation in the contract which was not contained in the deed, and that, therefore, the price named was excessive.

3. REFORMATION OF INSTRUMENTS—MISTAKE IN CONTRACT CULMINATING IN CORRECT DEED.

Where a mistake was made in computing the price of land by including in the contract 80 acres not in the deed, the purchaser could defend an action for the excessive balance by showing the mistake, and the seller's

contention that the purchaser's remedy was by bill for reformation is without merit, since the transaction culminated in a deed which is correct.

Error to Delta; Bell (Frank A.), J.   Submitted June 7, 1928.   (Docket No. 53, Calendar No. 33,566.) Decided July 24, 1928.   Rehearing denied October 1, 1928.

Assumpsit by Artemus C. Wells against the Niagara Land & Timber Company for a balance due on a contract for the sale of timber land.   Judgment for defendant.   Plaintiff brings error.   Affirmed.

*George Barstow*, for appellant.

*Ryall & Frost*, for appellee.

CLARK, J.   The parties negotiated for purchase and sale of a tract of timber spoken of as being 8,440 acres, and a bargain was made.   The verdict of the jury, supported by a preponderance of testimony, and by the documentary evidence and the arithmetic of the case, establishes that the price was $42.50 an acre. Assuming 8,440 acres, the price would be $358,700.

The parties met, made and delivered deed, made a contract in writing "for the purposes of making a record of the true consideration as between the parties," and another contract in writing permitting defendant to withhold part of the price until title to certain descriptions had been perfected.   Preliminary to making the first contract, it was decided to check the acreage.   To do this a plat and a tax receipt were used.   The deed was not used.   The acreage was found to be 8,395.41, a shortage of 44.59 acres, and a difference in price of $1,895.07.   The parties agreed to split the difference, and, accordingly, the price carried into the contract was $357,752.50.   The verdict of the jury, supported as aforesaid, also establishes that, in computing the price, a mistake was made, a parcel of 80 acres was included in the computation

which was not in the deed, the price which defendant by the contract agreed to pay was excessive by $3,400. Plaintiff's attention was called promptly to the mistake, and correction was refused. The purchase price is now paid in full, except the $3,400, and this is an action in assumpsit to recover it. Defendant denied liability, and set up the mistake by notice under its plea. Defendant had verdict and judgment. Plaintiff brings error.

It is urged that nearly all of defendant's evidence to establish mistake was admitted in violation of the rule forbidding parol evidence to vary or contradict a written contract. This is answered by *Bush* v. *Merriman,* 87 Mich. 268, 269:

"The rules of evidence at law and equity are the same, but when, the question is not what the terms of the written contract are, but whether the contract as written was entered into, or whether it was obtained by fraud, or is founded in surprise, accident, or mistake, these subjects of inquiry are open to parol testimony, irrespective of what the writing contains."

Had defendant paid down the whole purchase price, it might have sued to recover back the $3,400, upon discovering the mistake, and concededly the parol evidence rule would then present no obstacle. We see no difference in principle that defendant here asserts the same matter in defense of an action to recover the amount. It is suggested that defendant's remedy is by bill for reformation. Defendant needs no reformation. The transaction culminated in a deed which is correct. Judgment herein concludes the whole matter.

This, with what has been said of the verdict, disposes of the case. We have considered other assignments and find no error.

Judgment affirmed.

FEAD, C. J., and NORTH, FELLOWS, WIEST, McDONALD, POTTER, and SHARPE, JJ., concurred.