BATES *v.* ALFRED F. STEINER CO.

REFORMATION OF INSTRUMENTS—MUTUAL MISTAKE—EVIDENCE.

In suit to reform settlement agreement, executed by driver of car on behalf of himself and corporate owner of car, to include the word "company" after name of principal stockholder so as to impose liability on part of company rather than such principal stockholder, who had not signed the agreement, finding of trial judge that agreement in its original form was the result of mutual mistake *held,* fully supported by evidence.

Appeal from Wayne; Jayne (Ira W.), J. Submitted January 11, 1938. (Docket No. 104, Calendar No. 39,854.) Decided April 4, 1938.

Bill by George M. Bates and Loretta M. Bates against Alfred F. Steiner Company, a Michigan corporation, and Wilfred A. Steiner to reform a written instrument. Decree for plaintiffs. Defendants appeal. Affirmed.

*Cozadd & Shangle (Earlmont H. Dill,* of counsel), for plaintiffs.

*Wilfred A. Steiner,* for defendants.

BUTZEL, J. The Alfred F. Steiner Company is a corporation in which two shares are owned by members of Alfred F. Steiner's family and the balance by Alfred F. Steiner. The Steiner company's car, while being driven by defendant Wilfred A. Steiner, was involved in an automobile accident in which plaintiff

Loretta Bates and her car were injured. She and George M. Bates made claims for damages on the Steiner company and, after some negotiations, the Steiner company agreed to pay to plaintiffs the sum of $400 within two years, and in the meantime to turn over to them all dividends, when and if paid by an insolvent insurance company in which the Steiner company had carried insurance. A written agreement was drawn, plaintiffs being represented by an attorney and the Steiner company by defendant Wilfred A. Steiner. We quote the latter part of the agreement:

"It is further understood that liquidating checks shall be made payable to Alfred F. Steiner Company and by them indorsed and turned over to Loretta M. and George M. Bates and in the event the sum of $400 has not been paid as aforesaid within two years from the date of this agreement, then Alfred F. Steiner will pay forthwith a sum of money equal to the sum of $400 less any sums of money theretofore paid as aforesaid.

"WILFRED A. STEINER,
"ALFRED F. STEINER COMPANY,
"WILFRED A. STEINER, Treas."

Wilfred A. Steiner acknowledged the instrument, both for himself and for the Alfred F. Steiner Company.

When the $400 was not paid at the expiration of the two years and it was discovered that the agreement contained no obligation on the part of the Alfred F. Steiner Company or Wilfred A. Steiner to pay the amount, but merely imposed an obligation upon Alfred F. Steiner, a third party, who had never signed the agreement, and that the word "company" obviously had been omitted after the name Alfred F. Steiner in the body of the agreement, suit was

brought to reform the instrument. The trial judge granted reformation. He stated that the written agreement in its original form was either the result of mutual mistake or technical fraud on the part of defendants' attorney in attempting to take advantage of a slip on the part of plaintiffs' attorney in the drafting of the agreement.

It would serve no useful purpose to discuss the evidence for it fully supports the finding of the trial judge of a mistake so palpable as to be almost self-evident.

The decree is affirmed, with costs to plaintiffs.

WIEST, C. J., and BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.