SCOTT *v.* GROW.

1. EQUITY—MOTION TO DISMISS—PLEADING.
    In reviewing an order dismissing a bill of complaint, all properly pleaded allegations of fact must be accepted as true.

2. SAME—MOTION TO DISMISS—DEMURRER—RULES—PRACTICE.
    Upon appeal from the denial of a motion to dismiss a bill in equity, the appellate court should apply those rules applicable to demurrers when the latter were in use under the former practice.

---

Reformation of gratuitous contracts, see 2 Restatement, Contracts, § 506.

Reformation for mistake as to legal effect, see 2 Restatement, Contracts, § 504.

3. SAME—SUFFICIENCY OF BILL.

    A bill of complaint will be sustained on a motion to dismiss when the bill states any ground for equitable relief, even though imperfectly.

4. DEEDS—HUSBAND AND WIFE—TENANCY BY ENTIRETIES—TENANCY IN COMMON—JOINT TENANCY.

    Grantees under a deed cannot take an estate by the entireties where they are not husband and wife although they could take either as tenants in common or as joint tenants (3 Comp. Laws 1929, § 12964).

5. SAME—DESCRIPTION—GRANTEES—INTENT.

    Phrase in deed describing grantees as ''tenants by entireties and not as joint tenants'' was clearly ambiguous where grantees were not then husband and wife and such deed would not carry out the intent of the parties as they could not take as tenants by the entireties (3 Comp. Laws 1929, § 12964).

6. SAME—RECITAL AS TO CONSIDERATION—VOLUNTARY CONVEYANCES —REFORMATION.

    Recital in deed that consideration was ''the sum of $1 and other valuable consideration less than $100'' would be sufficient to save deed from rule that a voluntary conveyance will not be reformed, in the absence of any showing to the contrary (3 Comp. Laws 1929, § 12964).

7. REFORMATION OF INSTRUMENTS—DEEDS INCIDENT TO DIVORCE PROCEEDINGS—MUTUAL MISTAKE—PARTIES.

    Fact that grantee in deed from husband and wife before their divorce was grantor in deed to them as grantees, executed after divorce, would not preclude reformation of latter deed because it was voluntary and without consideration, and, since either of the grantees could have asked for reformation of the deed on the ground of mutual mistake, plaintiff, as residuary legatee under will of survivor, might also seek such relief.

8. SAME—RESIDUARY LEGATEE—MUTUAL MISTAKE.

    Residuary legatee under will of survivor of man and woman to whom plaintiff had deeded real estate shortly after their divorce would be entitled to reformation of deed to them provided plaintiff can establish a mutual mistake was made by all parties to the deed.

9. SAME—INTENT—MISTAKE OF LAW.

    Reformation of a written instrument is allowed where it is shown that the parties had agreed to accomplish a particular object thereby but that the instrument, as executed, is in-

sufficient to effectuate their intention though there is no misapprehension as to what words have been used but there was a mutual mistake as to the interpretation or legal effect of the words used.

10. SAME—JURISDICTION.

Courts of law have no jurisdiction to reform written instruments, such jurisdiction being exclusively vested in courts of equity.

11. EVIDENCE—PAROL EVIDENCE—EQUITY—FRAUD—SURPRISE—ACCIDENT—MISTAKE.

While the rules of evidence at law and equity are the same, when the question is not what the terms of the written contract are, but whether the contract as written was entered into or whether it was obtained by fraud, or is founded in surprise, accident, or mistake, parol evidence may be admitted as· to such subjects irrespective of what the writing contains.

12. REFORMATION OF INSTRUMENTS—MUTUAL MISTAKE—PAROL EVIDENCE.

Parol evidence would be admissible, not to vary the terms of a deed, but to show the alleged mutual mistake for purpose of reforming the instrument so as to have it accord with the true intention of the parties thereto.

13. EQUITY — DEEDS — REFORMATION — MISTAKE — DESCRIPTION OF GRANTEES.

Bill of complaint stating that plaintiff was residuary legatee under purported will of fee simple owner of real estate that he and his then wife conveyed to plaintiff before decree for divorce and which she reconveyed after their divorce to them as ''tenants by the entireties and not as joint tenants,'' that the purpose. of plaintiff's trust was to have been effected by a reconveyance to the man and woman ''as joint tenants and not as tenants in common,'' that the man survived and continued in absolute possession of the lands until his death and that the title passed to plaintiff thereupon *held*, to have stated a cause of action and ground for equitable relief against party claiming an undivided one-half interest as legatee under woman grantee's will.

14. EJECTMENT—JURISDICTION—REFORMATION OF INSTRUMENTS.

In an action of ejectment a court would have no jurisdiction to reform a deed.

15. SAME—INJUNCTION—REFORMATION OF INSTRUMENTS.

Ejectment proceedings, involving land the subject of controversy in suit to reform deed through which respective parties claim

title, should be enjoined until final determination of suit to reform deed.

16. REFORMATION OF INSTRUMENTS—PARTIES—PROBATION OF WILLS. Suit to reform deed under which plaintiff claims title should be postponed until determination of pending litigation as to admission to probate of a will of a grantee under the deed and that plaintiff is the residuary grantee under the will in order to enable plaintiff to establish her title so as to prosecute suit for reformation of deed.

Appeal from Oakland; Holland (H. Russel), J. Submitted January 14, 1942. (Docket No. 14, Calendar No. 41,590.)   Decided April 6, 1942.

Bill by Hope G. Scott against Russel W. Grow to reform a deed and to quiet title.  Bill dismissed. Plaintiff appeals.  Reversed and remanded.

*Earl L. Phillips* and *Wm. H. Wilmot,* for plaintiff.

*Preston Allen,* for defendant.

STARR, J.   Plaintiff appeals from an order granting defendant's motion to dismiss her bill of complaint.

On November 8, 1939, plaintiff filed bill of complaint alleging, in substance, that she is the residuary legatee under the "purported last will and testament of Judson P. Grow," who died April 2, 1939; that such will has been offered for probate and, certain objections to its admission having been filed, the matter was certified to the circuit court for Oakland county, in chancery, and is there awaiting trial.  Plaintiff further alleged that on October 8, 1937, said Judson P. Grow was the owner in fee simple of four parcels of land in Waterford township, Oakland county; that on said October 8, 1937,

Judson P. Grow and his wife, Grace Burton Grow, executed and delivered warranty deed of the four parcels of land to plaintiff, and that such deed was signed by Grace Burton Grow "for the sole purpose of releasing her dower rights in said property;" that on said October 8, 1937, divorce proceedings were pending between said Grow and wife, and that on October 11, 1937, a decree of divorce was granted, dissolving their marriage; that on said October 11, 1937, plaintiff held title to the four parcels of land "in trust for the purpose of reconveying, after said decree (of divorce) was granted, said property to Judson P. Grow and Grace Burton Grow, as *joint tenants and not as tenants in common.*" Plaintiff further alleged that on October 12, 1937 (the day after the divorce was granted), she executed and delivered quitclaim deed of the four parcels of land back to said Judson P. Grow and Grace Burton Grow, such deed describing the grantees as *"tenants by entireties and not as joint tenants;"* that the deed dated October 8, 1937, from Grow and wife to plaintiff, and the deed dated October 12, 1937, from plaintiff to said Judson P. Grow and his former wife, Grace Burton Grow, "were executed and delivered for the sole and only purpose of creating in said property a joint ownership and title in the said Judson P. Grow and Grace Burton Grow;" that all parties to said deed including the scrivener who prepared the same "mutually understood and believed and acted upon said belief that said deed carried out the intent and understanding of said parties." The bill further stated that Grace Burton Grow died April 13, 1938, and that Judson P. Grow continued in absolute possession of the lands until his death April 2, 1939.

In her bill of complaint plaintiff claimed, in effect, that the title held by Judson P. Grow and Grace Burton Grow as joint tenants passed, on the death of the latter, to Judson P. Grow as survivor, and that plaintiff as the residuary legatee under the will of said Judson P. Grow became the owner of the entire title. Plaintiff alleged further that defendant Russel W. Grow had instituted ejectment proceedings against plaintiff, claiming "an undivided one-half title and interest" in such lands, as legatee under the will of Grace Burton Grow, deceased. Plaintiff asked for decree correcting and reforming the deed of October 12, 1937, from herself to Judson P. Grow and his then former wife, Grace Burton Grow, "so as to truly represent the intentions of the parties thereto" and so that such deed would convey title to Judson P. Grow and Grace Burton Grow, "jointly and not as tenants in common;" that, upon the admission to probate of the will of Judson P. Grow, plaintiff, as legatee under such will, be decreed to be the sole owner of the lands in question; that her title be forever quieted against defendant Russel W. Grow; that the cloud upon her title "by reason of said error, mistake and uncertainty" in the deed of October 12, 1937, be removed; that defendant be enjoined from taking possession of said lands; that the ejectment proceedings instituted by defendant be heard concurrently with or after plaintiff's present suit; and that the proceedings involving the admission of the will of Judson P. Grow to probate be heard before the present suit.

The quitclaim deed dated October 12, 1937, from plaintiff to Judson P. Grow and Grace Burton Grow, copy of which was attached to the bill of complaint, contained the following provisions:

"This indenture, made the 12th day of October in the year of our Lord 1937, between Hope G. Scott, party of the first part, and Judson P. Grow and Grace Burton Grow, *as tenants by entireties and not as joint tenants,* parties of the second part,

"Witnesseth, that the said party of the first part, for and in consideration of the sum of $1 and other valuable consideration less than $100 to her in hand paid by the said parties of the second part, the receipt whereof is hereby confessed and acknowledged, does by these presents, grant, bargain, sell, remise, release and forever quitclaim unto the said parties of the second part, and to their heirs and assigns, forever, all those certain pieces or parcels of land, situated in the township of Waterford in Oakland county, and State of Michigan, known and described as follows."

Defendant filed answer November 17, 1939, generally denying the allegations in plaintiff's bill and her right to the relief sought. Defendant's answer alleged, in part:

"Defendant admits    *    *    *    that plaintiff held title to said property in trust for said parties; but denies that it was held for the purpose of reconveying, after said decree (of divorce) was granted, said property to Judson P. Grow and Grace Burton Grow, as joint tenants, and alleges that it was held for the purpose of reconveying said property to the parties as tenants in common, and expressly charges the fact to be, that the deed itself recites 'not as joint tenants.'

"Defendant further alleges that said deeds were executed for the purpose of dividing the estate which was held by the entirety by the parties, before said decree of divorce was granted.    *    *    *

"Defendant denies that said ejectment action casts a cloud upon your plaintiff's title for the reason that plaintiff has no title except that if the will of Judson P. Grow be held valid, she will have an

undivided interest in said property; defendant denies that plaintiff is entitled to have the wording of said deed changed. * * * Defendant alleges that plaintiff is requesting that a new instrument be drawn between parties, all of whom are now deceased, by a decree of this court.''

On November 25, 1939, defendant filed motion to dismiss plaintiff's bill of complaint on the ground that plaintiff had an adequate remedy at law; that the bill of complaint did not allege facts entitling plaintiff to the relief asked; that equity had no jurisdiction over the subject matter; and that there was no equity on the face of the bill. On February 17, 1940, the trial court filed opinion for dismissal of plaintiff's bill of complaint and on April 15, 1940, entered order of dismissal. Plaintiff appeals from such order.

The trial court based its opinion upon the conclusions (1) that plaintiff cannot invoke the aid of a court of equity to reform and correct a mistake in the deed of October 12, 1937, from plaintiff to Judson P. Grow and Grace Burton Grow, because such deed was voluntary and without consideration; (2) that, as plaintiff claims as residuary legatee under the will of Judson P. Grow, she cannot contradict the terms of such deed; and (3) that an alleged mistake as to the legal consequence of a known fact is not a basis for relief in equity.

In reviewing the order dismissing plaintiff's bill of complaint, all properly pleaded allegations of fact must be accepted as true. *Marvin* v. *Solventol Chemical Products, Inc.,* 298 Mich. 296; *General Motors Corp.* v. *Attorney General,* 294 Mich. 558 (130 A. L. R. 429). In *Watson* v. *Wagner,* 202 Mich. 397, 401, Mr. Justice Fellows said:

''Upon a motion to dismiss in the nature of a demurrer we should apply those rules which have

become fixed in the former practice when demurrers were in use. One of the recognized rules of long standing was that a bill would be sustained, as against a general demurrer, when the bill stated any ground for equitable relief, even though imperfectly. * * * If this bill sets up any ground for equitable relief against the moving defendant, or against any property standing in her name, it must be sustained and she must answer."

The question is: Does plaintiff's bill of complaint properly allege facts which, if assumed to be true, entitle plaintiff to the relief sought?

In her bill plaintiff alleged, in effect, that all parties made a mutual mistake in the preparation of the deed of October 12, 1937, in that the phrase describing the grantees "as tenants by entireties and not as joint tenants" did not carry out and effectuate the intention and purpose of the parties. On the ground of mutual mistake, plaintiff seeks to reform and correct such deed, so as to designate the grantees "as joint tenants and not tenants in common."

Judson P. Grow and Grace Burton Grow were divorced October 11, 1937, and were not husband and wife when the deed to them was executed October 12, 1937. Such grantees, not being husband and wife, could not take an estate by the entireties; they could take either as tenants in common or as joint tenants. 3 Comp. Laws 1929, § 12964 (Stat. Ann. § 26.44). Therefore, the phrase in the deed describing the grantees, Judson P. Grow and Grace Burton Grow, "as tenants by entireties and not as joint tenants" is clearly ambiguous, assuming that the allegations in the bill of complaint are true, and does not carry out the intention and purpose of the parties.

Defendant contends that plaintiff cannot invoke the aid of a court of equity to rectify the alleged mutual mistake in the deed of October 12, 1937, because such deed was voluntary and without consideration. The deed expressly recited a consideration "of the sum of $1 and other valuable consideration less than $100." Such contention is answered by our decision in the case of *Blanchard* v. *Kingston,* 222 Mich. 631, 635, in which Mr. Justice WIEST said:

"We are of opinion that a sufficient consideration was established for the deed to remove the case from the rule that a voluntary conveyance will not be reformed. The deed carries on its face an acknowledged consideration of 'one dollar and other valuable consideration.' This, in the absence of any showing to the contrary, saved the deed from being a voluntary conveyance."

Plaintiff as grantee in the deed of October 8, 1937, and as grantor in the deed of October 12, 1937, was acting for both Judson P. Grow and Grace Burton Grow in carrying out some arrangement between them relating to the title to the lands in question. Plaintiff was merely a third party who held title while the Grows were obtaining divorce decree. It is not an unusual transaction for a husband and wife to convey land to a third party, who, in order to effectuate some agreement as to holding or division of title, conveys back to the husband and wife. In such a transaction, carried out for the mutual benefit of the husband and wife, there is usually no monetary consideration passing to the third party temporarily holding title. It was not necessary that plaintiff, acting as a dummy title holder during the Grows' divorce proceeding, receive a monetary consideration for her deed of

October 12, 1937, to them. Defendant's argument that the deed of October 12, 1937, from plaintiff to the Grows cannot be reformed, because "voluntary and without consideration," is not well founded. Either of the Grows could have asked for reformation of the deed on the ground of mutual mistake. In her capacity as legatee of Judson P. Grow, plaintiff may also ask for reformation on the ground of mutual mistake. 23 R. C. L. pp. 338, 358; 53 C. J. p. 976. The several cases cited by defendant involving reformation sought by grantees who received title without giving consideration have no application to the present case.

Defendant next contends that, as plaintiff now claims as legatee under the will of Judson P. Grow, she cannot question the terms of the deed she executed October 12, 1937, to Judson P. Grow and Grace Burton Grow. Such argument is without force, provided plaintiff can establish, as alleged in her bill, that a mutual mistake was made by all parties to the deed. Cases cited by defendant do not involve the question of reformation on the ground of mutual mistake.

We cannot agree with defendant's contention that the alleged mutual mistake in describing the grantees "as tenants by entireties and not as joint tenants" does not create a basis for equitable relief. Defendant relies upon *Crane* v. *Smith,* 243 Mich. 447, 450, in which plaintiffs filed bill to reform a contract and deed in connection with an exchange of real estate, on the ground of mutual mistake. In denying plaintiffs' relief this court said:

"The plaintiffs have not sustained the burden of such showing of mutual mistake. * * * The whole story was written upon the public records and was read by plaintiffs' attorney. * * * Having caused an independent investigation to be made

by an attorney of their own selection, to whom the facts were open and known, the plaintiffs are not in a position to continue to claim that they accepted Smith's statement of the time of expiration, without at least a fair showing that the advice of their attorney did not undeceive them.    *    *    *

"The deed was drafted by plaintiffs' attorney, upon full knowledge of the facts and claims. There was no showing that he made a mistake in stating its agreed terms. The mistake, if any, was purely one of law, 'an erroneous conclusion as to the legal effect of known facts.'    *    *    *    Mistake as to the legal effect of a written instrument, *deliberately* executed and adopted, constitutes no ground for relief in equity."

In the above-mentioned case plaintiffs, after a trial on the merits, were denied reformation, because they failed to show mutual mistake in expressing in the deed the terms agreed upon. Such decision has no application to the present case in which there has been no trial on the merits and we are reviewing only the question of the sufficiency of plaintiff's bill of complaint.

"Where a written instrument fails to express the intention of the parties because of a mutual mistake as to the interpretation or legal effect of the words of the writing, though there is no misapprehension as to what words have been used, reformation is allowed. It is not necessary, moreover, in order to establish a mistake which may be reformed that it should be shown that particular words were misunderstood. 'It is sufficient that the parties had agreed to accomplish a particular object by the instrument to be executed, and that the instrument as executed is insufficient to effectuate their intention.'" 5 Williston on Contracts (Rev. Ed.), p. 4423, § 1585, quoting from *Leitensdorfer* v. *Delphy,* 15 Mo. 160, 167 (55 Am. Dec. 137).

The following illustration is given in the Restatement of the Law of Restitution, p. 204, § 51:

"A agrees to sell and B agrees to buy a half-interest in Blackacre owned in fee by A. The parties agree that the incidents of a tenancy in common shall follow, although they do not know the legal terminology. A executes a conveyance by which B becomes a joint tenant. A is entitled to a reformation of the deed to correspond to the agreement."

See, also, *Bates* v. *Alfred F. Steiner Co.*, 283 Mich. 697; *Dolsen* v. *Kearney*, 216 Mich. 668; *Merritt* v. *Merritt*, 169 Mich. 164; *McGraw* v. *Muma*, 164 Mich. 117; *Marine Savings Bank* v. *Norton*, 160 Mich. 614; *Newland* v. *First Baptist Church Society of Bellevue*, 137 Mich. 335; *Smith* v. *Wakeman*, 114 Mich. 611.

In *Labranche* v. *Perron*, 209 Mich. 239, 243, involving reformation of a land contract, so that it covered a half undivided interest instead of the entire interest, we said:

"The contract was in no way altered or reformed by the decree. The writing executed as evidence of the agreement of the parties was corrected so as to make it express what the parties actually agreed to. *Conlin* v. *Masecar*, 80 Mich. 139; *Bush* v. *Merriman*, 87 Mich. 260; *Cutler* v. *Steele*, 93 Mich. 204; *Church* v. *Case*, 110 Mich. 621; *Johnson* v. *Wilson*, 111 Mich. 114."

In *Bush* v. *Merriman, supra,* p. 268, Mr. Justice CHAMPLIN, in considering the sufficiency of a bill of complaint to reform a deed of real estate, said:

"In this State the distinction between law and equity, as applied to remedies, has been kept up. The courts of law have no jurisdiction to reform written agreements. This jurisdiction is exclusively

vested in courts of equity, and it has long been settled that if, by reason of fraud, mistake, accident, or surprise, an instrument does not express the true intent and meaning of the parties, equity will upon satisfactory evidence reform it.   *   *   *

"The rules of evidence at law and equity are the same, but when the question is not what the terms of the written contract are, but whether the contract as written was entered into or whether it was obtained by fraud, or is founded in surprise, accident, or mistake, these subjects of inquiry are open to parol testimony, irrespective of what the writing contains."

The rule enunciated in cases cited by defendant that equity will not grant relief for mistake as to the legal effect of the entire instrument, has no application to the instant case, in which equity could, on the allegations in plaintiff's bill, which are assumed to be true, decree reformation on the ground that the parties made a mutual mistake as to the legal import and meaning of the technical words "as tenants by entireties and not as joint tenants."

Defendant questions the admission of parol evidence in the present case to correct and reform the deed of October 12, 1937. Parol evidence would be admissible, not to vary the terms of the deed but to show the alleged mutual mistake and the true intention of the parties. In *Clark* v. *Johnson,* 214 Mich. 577, 581, we said:

"It is elementary that when, because of a mistake in fact, an instrument does not express the agreed intention of the parties, equity will correct such mistake unless the rights of third parties intervene. As applied to the allegations in plaintiffs' bill of complaint, the rule is thus stated in 34 Cyc. p. 910:

"'Wherever an instrument is drawn with the intention of carrying into execution an agreement

previously made, but which by mistake of the draftsman or scrivener, either as to law or fact does not fulfil the intention, but violates it, there is ground to correct the mistake by reforming the instrument.'

"Whether or not such a mistake was made is a subject of inquiry open to parol testimony. *Labranche* v. *Perron*, 209 Mich. 239, and cases therein cited."

See, also, *Moss* v. *Van Wagnen*, 249 Mich. 218; *Wells* v. *Niagara Land & Timber Co.*, 243 Mich. 550; *Blanchard* v. *Kingston, supra; Koch* v. *Bird*, 174 Mich. 594; *Metropolitan Lumber Co.* v. *Lake Superior Ship Canal, Railway & Iron Co.*, 101 Mich. 577; *Bush* v. *Merriman, supra;* 9 Wigmore on Evidence (3d Ed.), p. 59, § 2417.

We are satisfied that plaintiff's bill of complaint, assuming the facts therein alleged to be true, states a cause of action and ground for equitable relief.

From the bill and answer it appears that previous to the beginning of this suit defendant, as legatee under the will of Grace Burton Grow, had instituted an ejectment action against plaintiff to establish title to the lands in question. In such law action of ejectment, the court would have no jurisdiction to reform the deed in question. *Jensen* v. *Shevitz*, 234 Mich. 212; *Skiba* v. *Gustin*, 161 Mich. 358; *Bush* v. *Merriman, supra.* Therefore, plaintiff could not have her alleged right to a reformation of the deed of October 12, 1937, litigated and determined in such ejectment action. Further proceedings in the ejectment suit should be enjoined until final determination of the present case.

From both the bill and answer it appears that litigation is pending over the admission to probate of the will of Judson P. Grow. That litigation should be determined in advance of the trial of the

issues here involved. It is apparent that, if the will of Judson P. Grow is not sustained and admitted to probate, plaintiff, claiming as the residuary legatee under such will, would have no interest in the lands in question and could not maintain the present action. If the will of said Judson P. Grow is admitted and plaintiff is determined to be the residuary legatee thereunder, she would then be in a position to continue her prosecution of this case.

The order entered April 15, 1940, dismissing plaintiff's bill of complaint is hereby set aside, and the case is remanded for further proceedings in accordance with this opinion. Plaintiff shall have costs.

CHANDLER, C. J., and BOYLES, NORTH, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred. WIEST, J., did not sit.